# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CRAYTON JR.,<br><br>    Petitioner,<br><br>    v.<br><br>M. ARVIZA,<br><br>    Respondent. | Case No. 1:22-cv-00626-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 7)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1.)[1] On November 13, 2001, Petitioner was convicted after a jury trial in the United States District Court for the Western District of Kentucky of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, attempting to possess cocaine with intent to distribute, and possessing cocaine with intent to distribute. (ECF No. 1 at 2; ECF No. 8 at 19.) The government filed a notice pursuant to 21 U.S.C. § 851 of its

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  intent to rely on two prior convictions in support of an enhanced sentence. (ECF No. 1 at 2; ECF
2  No. 8 at 70.) On June 5, 2002, Petitioner was sentenced to a term of life imprisonment based on
3  two of Petitioner's prior convictions. (ECF No. 1 at 2; ECF No. 8 at 20, 95.) On February 5,
4  2004, the Sixth Circuit affirmed the judgment. United States v. Crayton, 357 F.3d 560 (6th Cir.
5  2004). On June 14, 2004, Petitioner's petition for writ of certiorari was denied. Crayton v. United
6  States, 542 U.S. 910 (2004).

7  In July 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to
8  28 U.S.C. § 2255 in the United States District Court for the Western District of Kentucky, which
9  denied the motion on October 4, 2005. Crayton v. United States, No. CIV.A. 305CVP371H,
10 2005 WL 2457946 (W.D. Ky. Oct. 4, 2005). Thereafter, Petitioner filed numerous motions in the
11 Western District of Kentucky, the Sixth Circuit, and other district courts. See Crayton v. United
12 States, No. 3:98-CR-91-TBR, 2017 U.S. Dist. LEXIS 159593, at *1–2 (W.D. Ky. Sept. 27,
13 2017), vacated, No. 17-6429, 2019 U.S. App. LEXIS 14704 (6th Cir. May 16, 2019); Crayton v.
14 Norwood, 622 F. Supp. 2d 975, 977 (C.D. Cal. 2009); Crayton v. Reckenward, No. 14-cv-8100
15 (S.D.N.Y. Dec. 15, 2014).[2]

16 On May 24, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28
17 U.S.C. § 2241 in this Court, asserting that "his 1990 prior California conviction is not a
18 qualifying predicate for the 851 enhancement under 21 U.S.C. § 841(b)(1)(A)" in light of Mathis
19 v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013).
20 (ECF No. 1 at 4.) Respondent filed a motion to dismiss, and Petitioner filed an opposition. (ECF
21 Nos. 7, 9.)

## II.

## DISCUSSION

24 A federal prisoner who wishes to challenge the validity or constitutionality of his federal
25 conviction or sentence must do so by moving the court that imposed the sentence to vacate, set

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Western District of Kentucky as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). The Court will begin its analysis with the second factor.

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the

petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961.

Here, Petitioner asserts that properly analyzed under the modified categorical approach, his 1990 California conviction does not qualify as a "felony drug offense" triggering a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) and thus, he is actually innocent of his sentence. (ECF No. 1 at 5–7.) Petitioner contends that he never had an unobstructed procedural shot at presenting his actual innocence claim because the Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013), decisions did not arise until after he had exhausted his direct appeal and first § 2255 motion. (ECF No. 1 at 7.) Respondent argues that in Petitioner's "Sixth Circuit court-of-conviction, Crayton was on notice and not previously foreclosed from bringing a *Descamps/Mathis*-style argument" and that Petitioner "enjoyed unobstructed procedural opportunity, including via 2255, at presenting categorical statute-analysis attack on his priors." (ECF No. 7 at 4.)

Various federal statutes impose enhanced sentences on certain defendants who have prior convictions for certain offenses. See, e.g., 18 U.S.C. § 924(e) (imposing fifteen-year mandatory minimum instead of otherwise applicable ten-year statutory maximum on persons who violate 18 U.S.C. § 922(g) and have three previous convictions for a "violent felony" or "serious drug offense"); 21 U.S.C. § 841(b)(1)(A) (enhancing mandatory minimum by five years on persons who violate 21 U.S.C. § 841(a) involving quantities set forth in § 841(b)(1)(A) after one prior conviction for a "serious drug felony" or "serious violent felony").

"To determine whether a past conviction is for one of those [sentence-enhancing] offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the . . . offense—*i.e.*, the offense as commonly understood." Mathis, 579 U.S. at 503. "For more than 25 years, [Supreme Court] decisions have held that the prior crime qualifies as a[ sentence-enhancing] predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." Id. "To determine whether a prior conviction is for [a] generic [offense] courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [offense], while ignoring the particular facts of the case." Id. at 504 (citing Taylor v. United States, 495 U.S. 575, 600–01 (1990)). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match." Mathis, 579 U.S. at 504–05.

"Some statutes, however, have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder. A single statute may list elements in the alternative, and thereby define multiple crimes." Mathis, 579 U.S. at 505 (citing Descamps, 570 U.S. at 260). The Supreme "Court approved the 'modified categorical approach' for use with statutes having multiple alternative elements." Mathis, 579 U.S. at 505 (citing Shepard v. United States, 544 U.S. 13, 26 (2005)). "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 579 U.S. at 505–06. "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." Id. at 506.

Descamps concerned the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion,'" and "whether sentencing courts may also consult th[e] additional documents [used in the modified categorical approach] when a defendant was convicted under an 'indivisible' statute—*i.e.*, one not containing alternative

elements—that criminalizes a broader swath of conduct than the relevant generic offense." Descamps, 570 U.S. at 257, 258. The Supreme Court held "that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements" and found that Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolve[d Descamps'] case." Id. at 258, 260.

Mathis concerned "a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element" and "whether ACCA treats this kind of statute as it does all others, imposing a sentence enhancement only if the state crime's elements correspond to those of a generic offense—or instead whether the Act makes an exception for such a law, so that a sentence can be enhanced when one of the statute's specified means creates a match with the generic offense, even though the broader element would not." 579 U.S. at 506–07. In declining to find such an exception, the Supreme Court noted its "precedents make this a straightforward case" and that "[c]ourts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." Id. at 519.

As Petitioner was convicted in the Western District of Kentucky, over which the Sixth Circuit has appellate jurisdiction, the Court looks to Sixth Circuit caselaw to determine whether Petitioner had an unobstructed procedural shot to present his claim. See Alaimalo, 645 F.3d at 1048–49. The Sixth Circuit

> do[es] not utilize the categorical approach to determine whether a prior conviction is a "felony drug offense" under § 841(b)(1). See Romo v. Ormond, No. 17-6317, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018) (order); see also United States v. Soto, 8 F. App'x 535, 541 (6th Cir. 2001)). To qualify as a "felony drug offense" under § 841, no detailed comparison of elements is required. Rather, the enhancement is appropriate if the prior state or federal offense (1) is punishable by more than one year in prison, and (2) it "prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." See 21 U.S.C. § 802(44) (emphasis added) (defining "felony drug offense").

Meeks v. Kizziah, No. 20-5420, 2020 WL 9396243, at *2 (6th Cir. Dec. 15, 2020).

1        As the Sixth Circuit "do[es] not utilize the categorical approach to determine whether a
2 prior conviction is a 'felony drug offense' under § 841(b)(1)," Meeks, 2020 WL 9396243, at *2,
3 Decamps and Mathis's clarification regarding when to use the categorical and modified
4 categorical approaches "did not effect a material change in the *applicable* law," Harrison, 519
5 F.3d at 960 (emphasis added), with respect to Petitioner's claim that "his 1990 prior California
6 conviction is not a qualifying predicate for the 851 enhancement under 21 U.S.C.
7 § 841(b)(1)(A)," (ECF No. 1 at 4). Petitioner contends that "Descamps and Mathis expressly
8 abrogated controlling law in the Sixth Circuit after [his] direct appeal and initial 2255 were
9 denied," citing to Chaney v. Blanckensee, 804 F. App'x 579 (9th Cir. 2019). However, Chaney is
10 distinguishable because it concerned "the Sixth Circuit's prior approaches to interpreting
11 ACCA's enumerated offenses clause," which is not at issue in the instant petition. Id. at 582.
12 Further, to the extent that Petitioner contends Sixth Circuit precedent is erroneous in not utilizing
13 the categorical approach to determine whether a prior conviction is a "felony drug offense" under
14 § 841(b)(1), Petitioner could have raised such a claim prior to Decamps and Mathis because
15 "*Mathis* did not invent the categorical approach." Wright v. Spaulding, 939 F.3d 695, 705 (6th
16 Cir. 2019). Rather, "*Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607
17 (1990), . . . established the rule for determining when a defendant's prior conviction counts as
18 one of ACCA's enumerated predicate offenses . . . [and] adopted a 'formal categorical
19 approach.'" Descamps, 570 U.S. at 260–61. And the Supreme "Court approved the 'modified
20 categorical approach' for use with statutes having multiple alternative elements" in Shepard v.
21 United States, 544 U.S. 13, 26 (2005). Mathis, 579 U.S. at 505.

22        Based on the foregoing, the Court finds that Petitioner has not established that he "never
23 had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060. "[F]or
24 Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements."
25 Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he
26 never had an unobstructed procedural shot at presenting his actual innocence claim, Petitioner

cannot proceed under the escape hatch.³ Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 7) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 6, 2023**

UNITED STATES MAGISTRATE JUDGE

---

³ In light of this conclusion, the Court declines to address whether Petitioner has presented a cognizable claim of actual innocence for purposes of qualifying for the escape hatch.